**LEEMAN, et, Plaintiffs-Appellants, v. HAGGARD, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4150. Decided May 17, 1948.

350

Harry S. Krakoff, Lytle G. Zuber, Columbus, for plaintiffs-appellants.

George E. Tyack, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

This is an appeal on questions of law from the judgment of the Municipal Court of Columbus, Ohio. The action is one in replevin to recover possession of certain household furniture.

Plaintiffs-appellants claim that on June 19, 1947, the defendant called at their retail furniture store and selected from the floor certain household furniture, the total cost of which was $1292.91. Defendant made a cash payment of $600.06 and signed in blank a note and chattel mortgage for

the balance due in the amount of $692.85. The balance due was to be paid in fourteen (14) equal monthly installments. The note and chattel mortgage were later completely filled in by the plaintiffs. On the next day the items of furniture were delivered to the defendant's residence. Upon failure of defendant to make payments on the note according to its terms, the plaintiffs brought this action to recover possession of the furniture.

The defendant filed an answer in the nature of a general denial, and a cross-petition in which she alleged that the furniture selected and purchased by her was represented by the plaintiffs to be new furniture; that the furniture delivered to her was not the furniture selected, but was secondhand furniture in a defective condition. Defendant alleged that she made complaint to the plaintiffs and demanded that the matter be adjusted which the plaintiffs agreed to do but failed to comply with their agreement. Defendant alleged the reasonable value of the furniture delivered was $400.00 and prayed for judgment in the amount of $200.06 being the difference between the amount paid and the value of the furniture, and that the chattel mortgage be cancelled.

Plaintiffs in their reply denied that the furniture delivered was secondhand furniture and alleged that the complaints made relative to certain items of furniture were taken care of to the best of their ability.

The case was tried to a jury which returned a verdict without interrogatories, finding the right of possession to be in the defendant, made no award of damages in favor of the defendant, and further fixed the value of the property at $600.00. The Court overruled a motion for new trial and rendered a judgment on the verdict.

Appellants claim the Court erred in overruling their motion to dismiss the defendant's cross-petition at the end of defendant's case for insufficient evidence. There was evidence introduced supporting the allegations in the cross-petition and the trial court very properly submitted the issue to the jury.

Appellants contend the Court committed prejudicial error in the admission of evidence. On cross-examination Milton J. Leeman, one of the plaintiffs, was asked the question: "What are your gross sales at your place of business?" An objection was interposed which was overruled. The witness had testified in detail concerning the transaction with the defendant. A wide latitude is accorded counsel on cross-

examination to test the credibility of the witness. The question was proper to test his ability to remember the details of one transaction out of many and had a tendency to affect his credibility.

Appellants contend counsel for defendant was guilty of misconduct which was prejudicial to their case. The remark made by defendant's counsel which is claimed is highly prejudicial was addressed to the Court in argument on an objection and was as follows: "No man is going to admit his own business is robbing the public, Your Honor". Counsel promptly apologized and the Court instructed the jury to disregard remarks of counsel. After an examination of the record we cannot say that the remarks of counsel, although improper. were so prejudicial as to require reversal.

Appellants claim the Court erred in its charge to the jury. The Court charged the jury that the defendant was required to prove the material allegations in her cross-petition by a preponderance of the evidence. It is claimed that since the defendant prayed for a cancellation of the chattel mortgage the cross-petition should be sustained by clear and convincing evidence. With this we do not agree. Replevin is a legal and statutory remedy. The defendant denied plaintiffs' right to possession, and set up a counterclaim for damages. The issues raised were of a legal character. The cancellation of the chattel mortgage, although prayed for, was not a determinative factor in the case. Moreover, the cancellation of the chattel mortgage was not a matter to be submitted to the jury, but to the Court which would require the court to exercise its equity powers. The cross-petition was based on breach of contract and the issues raised required the application of the preponderance rule.

Evidence of a substantial character was admitted in the support of the material issues in this case which required its submission to the jury. After an examination of the entire record, we cannot say that the verdict is against the manifest weight of the evidence.

Finding no prejudicial error in the record the judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.